IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY FERGUSON, individually and as trustee of the FERGUSON FAMILY TRUST, and on behalf of her subrogee,<br><br>            Plaintiff,<br><br>   v.<br><br>ARCATA REDWOOD COMPANY, LLC, et al.,<br><br>            Defendants.<br>_____/ | No. C 03-05632 SI<br><br>**ORDER DENYING DEFENDANT QUEBECOR WORLD ARCATA CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |

   Now before the Court is defendant Quebecor World Arcata Corporation's ("Quebecor") motion for summary judgment on plaintiff's claim for contribution under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607. Quebecor argues that plaintiff is a "potentially responsible party" ("PRP") under CERCLA, and that plaintiff therefore is not authorized to bring suit under section 107. Pursuant to Local Rule 7-1(b), this Court finds the motion suitable for resolution without oral argument and therefore VACATES the hearing set for October 7, 2005.

   Quebecor previously filed a motion for summary judgment challenging plaintiff's ability to bring a CERCLA action.[1] In the briefing on that motion, Quebecor argued that plaintiff was not authorized to bring a section 107 claim. The Court, in its August 5, 2005 Order denying Quebecor's motion, explicitly rejected this argument. August 5, 2005 Order, at 8-9 (Docket No. 118).

   In its current motion, Quebecor once again argues that plaintiff is not authorized to bring a claim under

---

[1] Plaintiff has requested that the Court take judicial notice of a number of briefs and letters filed in connection with the Court's previous summary judgment order. The Court hereby GRANTS plaintiff's request for judicial notice (Docket No. 130).

section 107. This claim is not based on any factual development that has occurred since the last motion; Quebecor admits that its new motion is "a pure question of law." Quebecor's Mot. For Summary Judgment, at 2. While Quebecor's arguments are more thoroughly laid out in its renewed motion for summary judgment, the arguments are nonetheless substantially the same as those that it raised previously. Quebecor argues, once again, that the Supreme Court's decision in *Cooper Industries, Inc. v. Availl Services, Inc.*, 543 U.S. 157, 125 S. Ct. 577 (2004), and the Ninth Circuit's decision in *Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298 (9th Cir. 1997), bar plaintiff from asserting a section 107 claim for contribution.

Contrary to Quebecor's position, this Court previously found that "the Ninth Circuit recognize[s] a PRP's right to bring a contribution claim under Section 107." August 5, 2005 Order, at 8 (Docket No. 118). Quebecor has not convinced the Court that this conclusion was incorrect. Accordingly, Quebecor's motion for summary judgment on plaintiff's CERCLA contribution claim is DENIED (Docket No. 123). Given that Quebecor's motion for summary judgment on plaintiff's state law claims depended upon the absence of any federal claim, the Court also DENIES Quebecor's motion with respect to the state law claims.

**IT IS SO ORDERED.**

Dated: October 5, 2005

SUSAN ILLSTON
United States District Judge