IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY FERGUSON, individually and as trustee of the FERGUSON FAMILY TRUST, and on behalf of her subrogee,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCATA REDWOOD COMPANY, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 03-05632 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS** |

    Now before the Court is plaintiff Nancy Ferguson's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure against defendant Quebecor World Arcata Corporation ("Quebecor"). Pursuant to Local Rule 7-1(b), the Court finds the motion suitable for disposition without oral argument and therefore VACATES the hearing set for December 9, 2005. Having considered the papers submitted, the Court hereby DENIES plaintiff's motion for sanctions.

**BACKGROUND**

    Plaintiff Nancy Ferguson filed suit on December 15, 2003, against twenty-one defendants under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6930, and related state laws. Plaintiff sought contribution for costs of investigation and cleanup of soil and groundwater contamination at and emanating from a property she purchased in 1993, located at 100 Timbers Boulevard, Smith River, California ("the Property").

    Defendant Quebecor is a former owner of the Property and the sole remaining defendant in this suit.

On June 24, 2005, Defendant filed a motion for summary judgment as to plaintiff's CERCLA cause of action. Defendant claimed that plaintiff was a "Potentially Responsible Party" ("PRP") under CERCLA and therefore was ineligible to recover under § 113 of CERCLA. In response, plaintiff claimed that her action was based on both CERCLA § 113 and § 107, even though she made no reference to § 107 in her complaint. In its reply brief, defendant argued that plaintiff was ineligible to bring a § 107 claim for contribution under both Supreme Court and Ninth Circuit law.

At the hearing on defendant's summary judgment motion and again in a letter filed two days later, defendant requested that if the Court allowed plaintiff to proceed on her § 107 contribution claim, defendant be allowed to reopen discovery on such limited factual questions as may relate uniquely to that claim. Defendant further requested leave to file a subsequent motion for summary judgment, directed solely at the § 107 contribution claim.

The Court denied defendant's summary judgment motion, finding that plaintiff's complaint provided sufficient notice of a contribution action under § 107. In reaching this conclusion, the Court explicitly rejected defendant's argument that claims for contribution may not be brought by PRPs under § 107. *See* August 5, 2005 Order, at 8-9 (Docket No. 118). The Court, however, granted defendant's requests to take further discovery and to file a further summary judgment motion.

Defendant filed its second summary judgment motion on September 9, 2005. In that motion, defendant presented substantially the same argument concerning plaintiff's ability to bring a § 107 claim for contribution that the Court had previously rejected when it denied defendant's first summary judgment motion. Accordingly, the Court denied the subsequent motion on October 6, 2005, finding that the claim was not based on any factual development occurring after the first motion and that the arguments were substantially the same as those that defendant previously raised. Citing the August 5 Order denying summary judgment, the Court again concluded that "the Ninth Circuit recognize[s] a PRP's right to bring a contribution claim under Section 107." *See* October 6, 2005 Order, at 2 (Docket No. 135); *see also* August 5, 2005 Order, at 8 (Docket No. 118).

On October 7, 2005, plaintiff filed the instant motion, seeking sanctions pursuant to Rule 11 against defendant and its counsel of record, William D. Wick of Wacter & Wick, LLP. Plaintiff claims that defendant

2

filed the second summary judgment motion for an improper purpose, and to increase litigation costs and to improperly pursue reconsideration.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, Rule 11 sanctions may be imposed against an attorney, law firm, or party when a pleading is filed for an improper purpose such as harassment or delay. *See* Fed. R. Civ. P. 11(b)(1). The primary purpose of Rule 11 is to deter baseless court filings, but this goal must be considered in light of the fact that, in an adversary system of litigation, the essence of the lawyer's task is to present issues of facts and law "as favorably as fairly possible" in support of the client's claim. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). Therefore, judges should "impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *See id.* (citing *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 341 (2nd Cir. 1999)).

In making a determination of whether Rule 11 sanctions should be imposed, the Court need not find that the violation was intentional. Rather, sanctions may be imposed even if a filing was made with "pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).

## DISCUSSION

Plaintiff claims that defendant frivolously brought its second summary judgment motion in order to increase plaintiff's litigation costs, and to pursue reconsideration of the Court's original decision. Plaintiff claims that sanctions are warranted in order to deter such conduct in the future by defendant, and because plaintiff was "forced to bear significant litigation costs in responding to the second motion for summary judgment," costs which plaintiff has not enumerated. Defendant replies that the second summary judgment motion of September 9, 2005 was filed within the scope of the leave permitted to defendant in the Court's Order of August 5, 2005. Defendant contends that its interpretation of the Order was objectively reasonable under the circumstances and thus does not constitute a frivolous motion or a filing based on an improper purpose.

The Court finds that Rule 11 sanctions are not warranted. As evidenced by its original motion for summary judgment, defendant clearly did not understand there to be a § 107 claim in this case. Once defendant learned of the possibility of a § 107 claim, it understandably wanted the opportunity to address such a claim thoroughly in a consolidated brief. Indeed, prior to filing its second summary judgment motion, defendant had only addressed plaintiff's § 107 claim in piecemeal fashion in its reply brief on its original summary judgment motion, and in a letter submitted shortly thereafter.

Further, this is not a situation where the subject of defendant's second motion was a minor issue or a well-established rule of law. To the contrary, as plaintiff's § 107 claim is now her sole remaining cause of action under CERCLA, defendant's motion went to the heart of these proceedings. Moreover, courts have split over whether a claim for contribution can be brought under § 107. *See, e.g.*, *City of Rialto v. U.S. Dep't of Defense*, No. 04-0079 VAP (C.D. Cal. Aug. 16, 2005) (finding that PRPs could not bring action for contribution under § 107); *Koutros v. Goss-Jewett Co. of N. Calif, Inc.*, 2005 WL 1417152 (E.D. Cal. 2005) (finding an implied cause of action for contribution exists under § 107). Given the importance of the § 107 issue to Quebecor's defense, the uncertain state of the law, and the somewhat confused manner in which the issue arose, the Court does not believe that Rule 11 sanctions are appropriate in this case. *See Cooter & Gell v. HartMarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447 (1990) ("[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . .").

Under these circumstances, the Court finds no basis to impose sanctions on defense counsel. Accordingly, plaintiff's request for sanctions under Rule 11 is DENIED.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES plaintiff's motion for Rule 11 sanctions (Docket

4

No. 137).  The hearing currently scheduled for December 9, 2005 is VACATED.

**IT IS SO ORDERED.**

Dated: December 7, 2005

                                                                 SUSAN ILLSTON
                                                                 United States District Judge